21-6324
Bashar v. Garland

BIA
Poczter, IJ
A209 418 670

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-three.

PRESENT:
　　　　JON O. NEWMAN,
　　　　DENNY CHIN,
　　　　MICHAEL H. PARK,
　　　　　　*Circuit Judges.*
_____

MOHAMMAD ABUL BASHAR,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　　　**21-6324**
　　　　　　　　　　　　　　　　　　　　　　**NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONER:** Xiaotao Wang, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director; Krishana N. Patel, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Abul Bashar, a native and citizen of Bangladesh, seeks review of a May 5, 2021, decision of the BIA affirming an October 3, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Abul Bashar*, No. A 209 418 670 (B.I.A. May 5, 2021), *aff'g* No. A 209 418 670 (Immig. Ct. N.Y. City Oct. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact

are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

The IJ may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Bashar alleged that he was persecuted by members of the ruling Awami League ("AL") party in Bangladesh because he supported the opposition Liberal

Democratic Party ("LDP"). Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies between Bashar's statements in his credible fear interview, affidavit, and hearing testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his credible fear interview, Bashar asserted that he was an LDP member and recounted four incidents of harm by AL members, but, in his affidavit and during his hearing, he gave different dates and descriptions of events. For example, as the agency highlighted, (1) his affidavit and direct testimony did not mention an interaction with AL members on February 22, 2015, and he confirmed that this was not the same incident as one that occurred a day earlier; (2) at his interview, he stated that AL members burned his home in February 2015, but he testified this happened in February of the following year; (3) he gave different dates for an alleged incident in which AL members took money from him, stating variously that the theft occurred on January 1, 2015, January 5, 2016, and February 21, 2015; and (4) he made inconsistent statements about whether he reported the theft to anyone in the LDP. Bashar's explanations, including that he was worried during his interview, do not compel a conclusion contrary to the IJ's. *See Ming Zhang v. Holder*, 585 F.3d 715, 722 (2d Cir. 2009)

4

(applicant's claim that she was nervous during an interview was insufficient to preclude reliance on interview statements). Contrary to Bashar's position, the record of the credible fear interview was sufficiently reliable: It consists of a typewritten document setting forth the interviewer's questions and Bashar's answers; it reflects that the interviewer asked questions through an interpreter to elicit an asylum claim; the record confirms that Bashar was informed of the interview's purpose, the importance of responding truthfully, and the fact that he could request clarification of the officer's statements; and Bashar's response indicated that he understood the interpreter. *Id*. at 725 (discussing indicia of reliability for interview records).

Furthermore, the adverse credibility determination is bolstered by the IJ's demeanor finding, which is supported by the record and which Bashar does not challenge. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ noted several instances where Bashar took long pauses before his answers, and the record confirms that Bashar's answers were not always responsive to the questions asked. We defer to this demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."

5

*Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (internal quotation marks omitted).

In sum, the multiple inconsistencies and the demeanor finding provide substantial evidence for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal quotation marks omitted)); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Contrary to Bashar's position, the agency was not required to separately evaluate the likelihood of future persecution because Bashar was not credible as to past events, and his fear of future persecution was based on the alleged past harm. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on that same factual predicate. *Id.* at 156–57.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court